IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

GARY JOHN GANNON

               Plaintiff,

     v.

MICHAEL J. ASTRUE, Commissioner
of Social Security

              Defendant.

No. 03:10-CV-3080-HZ

OPINION & ORDER

Philip W. Studenberg
ATTORNEY AT LAW
200 Pine Street
Klamath Falls, OR 97601

       Attorney for Plaintiff

Adrian L. Brown

1 - OPINION & ORDER

U.S. ATTORNEY'S OFFICE
District of Oregon
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

Richard Rodriguez
SOCIAL SECURITY ADMINISTRATION
Office of General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075

              Attorneys for Defendant

HERNANDEZ, District Judge:

       Plaintiff Gary John Gannon brings this action seeking judicial review of the

Commissioner's final decision to deny supplemental security income (SSI). This Court has

jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)). I affirm

the Commissioner's decision.

## PROCEDURAL BACKGROUND

       Plaintiff protectively filed for SSI on February 3, 2005, alleging an onset date of July 15,

2004. Tr. 60. His application was denied initially and on reconsideration. Tr. 32, 33. On April

8, 2009, plaintiff appeared, without counsel, for a hearing before an Administrative Law Judge

(ALJ). Tr. 370. On April 20, 2009, the ALJ found plaintiff not disabled. Tr. 17-30. The

Appeals Council denied review. Tr. 7-9.

## FACTUAL BACKGROUND

       Plaintiff alleges disability based on affective/mood disorders, particularly his bipolar

disorder, and injuries to both knees. Tr. 32, 34, 70. At the time of the hearing, he was forty-two

years old. Tr. 373. He is a high school graduate and completed training at a police academy. Tr.

2 - OPINION & ORDER

76.  He has past relevant work experience includes working as a police officer, group worker,

officer reformatory, railroad conductor, small products assembler, casino coin teller, and security

guard.  Tr. 391-94.  Because the parties are familiar with the medical and other evidence of

record, I refer to any additional relevant facts necessary to my decision in the discussion section

below.

SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which . . . has lasted or can be

expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated according to a five-step procedure.  See Valentine v.

Commissioner, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step

procedure to determine disability).  The claimant bears the ultimate burden of proving disability.

Id.

In the first step, the Commissioner determines whether a claimant is engaged in

"substantial gainful activity."  If so, the claimant is not disabled.  Bowen v. Yuckert, 482 U.S.

137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b).  In step two, the Commissioner

determines whether the claimant has a "medically severe impairment or combination of

impairments."  Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c).  If not, the

claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one

of a number of listed impairments that the [Commissioner] acknowledges are so severe as to

preclude substantial gainful activity."  Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d),

3 - OPINION & ORDER

416.920(d).  If so, the claimant is conclusively presumed disabled; if not, the Commissioner

proceeds to step four.  Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any

impairment(s), has the residual functional capacity (RFC) to perform "past relevant work."  20

C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant can, the claimant is not disabled.  If the

claimant cannot perform past relevant work, the burden shifts to the Commissioner.  In step five,

the Commissioner must establish that the claimant can perform other work.  Yuckert, 482 U.S. at

141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f).  If the Commissioner meets his burden

and proves that the claimant is able to perform other work which exists in the national economy,

the claimant is not disabled.  20 C.F.R. §§ 404.1566, 416.966.

THE ALJ'S DECISION

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful

activity since his alleged onset date.  Tr. 22.  Although plaintiff has worked after the alleged

disability onset date, the earnings fall just below the substantial gainful activity level.  Id.  Next,

at step two, the ALJ determined that plaintiff had the severe impairments of bipolar disorder,

degenerative joint disease of the knees bilaterally, and a probable rotator cuff tear of the left

shoulder.  Tr. 23.  As part of that determination, the ALJ considered the medical evidence,

plaintiff's hearing testimony, and the testimony of plaintiff's wife.  Tr. 23-26.  At step three, the

ALJ found that the impairments, singly or in combination, did not meet or equal the requirements

of any listed impairment.  Tr. 26-27.  Next, the ALJ determined that plaintiff had a residual

functional capacity (RFC) to lift and/or carry 20 pounds occasionally and 10 pounds frequently,

stand and/or walk for 30 minutes consecutively and two hours total in an eight-hour workday,

and sit for three hours consecutively and eight hours total in an eight-hour workday.  Tr. 27.

Plaintiff was also precluded from reaching in any direction and limited to occasional push/pull

with his left upper extremity; precluded from kneeling, crouching, crawling, and climbing

ladders or scaffolds; limited to occasional climbing of stairs and ramps, balancing, and stooping;

to avoid exposure to unprotected heights and only occasional exposure to humidity, wetness,

inhaled irritants, extreme cold, and vibrations; to avoid walking on uneven ground; limited to

repetitive 1-3 step tasks; and to avoid contact with the general public, coworkers, or any type of

team activity.  Tr. 27.  At step four, the ALJ found that the plaintiff was able to perform his past

work as a small products assembler.  Tr. 29.  Alternatively, the ALJ proceeded to step five and

concluded that the plaintiff was not disabled.  Tr. 29.  Considering plaintiff's age, education,

work experience, and RFC, the ALJ found that plaintiff could perform work as a hand stuffer,

table worker, or assembler.  Tr. 30.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the

Commissioner's findings are based on legal error or are not supported by substantial evidence in

the record as a whole.  Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009).  "Substantial

evidence means more than a mere scintilla but less than a preponderance; it is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. (internal

quotation omitted).  The court considers the record as a whole, including both the evidence that

supports and detracts from the Commissioner's decision.  Id.; Lingenfelter v. Astrue, 504 F.3d

1028, 1035 (9th Cir. 2007).  "Where the evidence is susceptible to more than one rational

interpretation, the ALJ's decision must be affirmed."  Vasquez, 572 F.3d at 591 (internal

quotation and brackets omitted); see also Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir.

2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not

substitute [its] judgment for the ALJ's") (internal quotation omitted).

DISCUSSION

Plaintiff contends that the ALJ erred in concluding the he was not disabled.  Specifically,

he contends that the ALJ failed to (1) adequately consider the medical evidence and (2) find that

plaintiff had an impairment or combination of impairments that met or equaled the requirements

of a listing.

I.      Medical Evidence

Plaintiff argues that the ALJ did not properly consider Dr. Mark Amerding and Nurse

Theresa Rennick's opinions.  Pl.'s Br. 1-4.  Social security law recognizes three types of

physicians:  (1) treating, (2) examining, and (3) nonexamining.  Lester v. Chater, 81 F.3d 821,

830 (9th Cir. 1996).  Generally, more weight is given to the opinion of a treating physician than

to the opinion of those who do not actually treat the claimant.  Id.  If the treating physician's

opinion is not contradicted, the ALJ may reject it only for "clear and convincing" reasons.  Id.

Even if the treating physician's opinion is contradicted by another doctor, the ALJ may not reject

the treating physician's opinion without providing "specific and substantial reasons" which are

supported by substantial evidence in the record.  Id.

A.      Dr. Amerding

Plaintiff began to see Dr. Amerding in February 2005 at the Rural Clinics Community

Mental Health Center.  Tr. 236.  Records indicate that plaintiff continued to see Dr. Amerding

every one to two months through November 2007.  Tr. 210-36.  The ALJ summarized Dr.

Amerding's notes regarding his management of plaintiff's medications in his findings.  Tr. 23-24.  Dr. Amerding's notes only show that plaintiff was being treated for bipolar disorder II and the effects of adjusting plaintiff's medications.  Tr. 216-236.  Notably, Dr. Amerding declined to complete a mental RFC evaluation for plaintiff because it was too complex to complete during his appointments with plaintiff.  Tr. 218.  The Court has reviewed Dr. Amerding's records with care and has not found any rejection of Dr. Amerding's opinion.  The ALJ's findings are consistent with Dr. Amerding's opinion that plaintiff had bipolar disorder.  Plaintiff argues that the ALJ did not discuss Dr. Amerding's opinion with respect to "plaintiff's credibility or disability" but does not elaborate further in his four-page brief.  Pl.'s Br. 2.  The Court cannot speculate nor create arguments on plaintiff's behalf.  The ALJ did not err with respect to assessing Dr. Amerding's opinion.

      B.     Nurse Rennick

     Plaintiff's argument with respect to Nurse Rennick's opinion is somewhat unclear.  Plaintiff seems to argue that because Nurse Rennick concluded that plaintiff's Global Assessment of Functioning (GAF) is 50, then plaintiff meets or equals a listing.  Pl.'s Br. 1-2.  This argument will be addressed in the following section II.  To the extent that plaintiff disputes that Nurse Rennick's opinion was not adequately considered, I will address that issue now.

     The weight accorded a treating physician's opinion depends on the length of the treatment relationship, the frequency of visits, and the nature and extent of treatment received.  20 C.F.R. §§ 404.1527(d)(2)(i), (ii), 416.927(d)(2)(i), (ii).  Plaintiff visited Nurse Rennick twice in August and September 2008 and was diagnosed with bipolar II disorder.  Tr. 298, 303.  In her initial diagnosis, she notes that her "[d]iagnostic conclusions are based solely on self report" during the

mental status examination.  Tr. 308.  The ALJ summarized Nurse Rennick's opinion in his findings and included the supported limitations into plaintiff's RFC.  Tr. 24, 28.  The ALJ's findings are not inconsistent with her diagnosis of bipolar II disorder.  The ALJ did not err with respect to assessing Nurse Rennick's opinion.

II.     Meeting or Equaling a Listed Impairment

Plaintiff argues that at step three, the ALJ should have found that plaintiff meets or equals the requirements of listing 12.04.  Pl.'s Br. 2.  Listing 12.04 concerns affective disorders.  20 C.F.R. Part 404, Subpt. P, App. 1, § 12.04.  The required level of severity for affective disorders under 12.04 is met by satisfying parts A and B, or part C alone.  Id.  Plaintiff argues that a GAF score of 50, coupled with plaintiff's two "periods of decompensation", meets or equals listing 12.04.  Pl.'s Br. 2.  It appears that plaintiff is arguing that he meets or equals listing 12.04 by satisfying part C, which requires "episodes of decompensation".  20 C.F.R. Part 404 Subpt. P, App. 1, § 12.04(C).

Plaintiff had two incidents of decompensation during which he was hospitalized for suicidal thoughts.  The first incident occurred December 10-17, 2004 and the second incident occurred January 6-15, 2005.  Tr. 162, 180.  Plaintiff argues that these two incidents would qualify as "[r]epeated episodes of decompensation, each of extended duration" in order to satisfy part C of listing 12.04.  This phrase is defined as "three episodes within 1 year, or an average of once every 4 months, each lasting for at least 2 weeks."  20 C.F.R. Part 404 Subpt. P, App. 1, § 12.00(C)(4).  By definition, plaintiff's two incidents of hospitalization do not meet part C of listing 12.04 in frequency or duration.  The ALJ did not err in finding that plaintiff did not meet or equal a listed impairment.

CONCLUSION

The Commissioner's decision is affirmed.

IT IS SO ORDERED.

Dated this ___11th___ day of July, 2011

/s/ Marco A. Hernandez
Marco A. Hernandez
United States District Judge

9 - OPINION & ORDER